Fleming J. JOHNS, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 20413.

United States Court of Appeals
Fifth Circuit.

Sept. 17, 1963.

Charles E. Moore, Atlanta, Ga., for appellant.

Allen L. Chancey, Jr., Asst. U. S. Atty., Atlanta, Ga., Charles L. Goodson, U. S. Atty., for appellee.

Before RIVES, CAMERON AND HAYS,* Circuit Judges.

PER CURIAM.

Appellant was convicted of conspiring [1] to rob a F.D.I.C. insured bank. On appeal, he urges that a tape recording [2] of an incriminating conversation was improperly allowed to be introduced into evidence, and that the evidence presented was insufficient to sustain the jury's verdict.

Appellant's argument that the introduction of the tape, rather than the original wire, recording violated the "best evidence" rule, even if that rule applies to recordings, cannot be raised, inasmuch as counsel for appellant conceded openly that the tape was an accurate re-recording of the wire. Cf. United States v. Manton, 1939, 2 Cir., 107 F.2d 834, 845. There was no objection that no proper foundation was laid for the introduction of the tape, the only objection being that the recording was unintelligble. With respect to the claim that the tape was so inaudible in part as to make it untrustworthy, the

---

* Of the second Circuit, sitting by designation.

1. 18 U.S.C.A. § 371.

2. The tape recording was a copy of an original wire recording made by a machine hidden in the house of one of appellant's confederates, who actually was working with the police. Inasmuch as the recording was made with that person's knowledge and approval, there is no claim that the evidence was illegally obtained.

The wire recording was available but not "played" because the volume could not be turned up loud enough for the jury to hear it. Counsel for appellant expressly stated to the court that it was conceded the tape was an accurate reproduction of the wire recording, but that the objection was to the introduction of either copy of the recording.

admissibility *vel non* of the tape was a matter of discretion on the part of the trial court. Monroe v. United States, 1956, 98 U.S.App.D.C. 228, 234 F.2d 49, citing United States v. Schanerman, 1945, 3 Cir., 150 F.2d 941, 944. The probative force of the evidence was a question for the jury. There was sufficient evidence to support the verdict.

The judgment of the court below is affirmed.