### UNITED STATES of America, Plaintiff-Appellee,

v.

### Jose RODRIGUEZ, Defendant-Appellant.

### No. 75–1872.

United States Court of Appeals, Fifth Circuit.

Dec. 11, 1975.
Rehearing and Rehearing En Banc Denied Feb. 23, 1976.

Roland E. Dahlin, II, Federal Public Defender (Court-appointed not under Act), Juan E. Gavito, Asst. Federal Public Defender, Brownsville, Tex., William W. Burge, Houston, Tex., for defendant-appellant.

Edward B. McDonough, Jr., U. S. Atty., James R. Gough, Jr., Mary L. Sin-

---

derson, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before WISDOM, CLARK and RONEY, Circuit Judges.

PER CURIAM:

The defendant-appellant, Jose Rodriguez, was convicted by a jury of two counts of importing and possessing with intent to distribute one thousand, one hundred and five pounds of marijuana, in violation of 21 U.S.C. § 952(a), and § 841(a)(1). He appeals this conviction on the ground that the admission of two items of prejudicial hearsay evidence constituted reversible error. We find the contentions without merit and affirm the judgment below.

Shortly after the trial commenced, Agent Lawrence of the Drug Enforcement Administration testified to the circumstances which led him to discover the 1105 pounds of marijuana in the defendant's car. Upon testifying that he had received information from a previously reliable informant, Agent Lawrence was interrupted by the trial judge who instructed the jury:

Now ladies and gentlemen of the jury, I am going to allow him to tell us what the informant told him, not for the truth of what the informant said but just to show why he did what he did after he received that information, and for that purpose only.

Immediately following the judge's instruction, but before the evidence was admitted, defense counsel objected to the testimony as inadmissible hearsay. The trial judge overruled the objection and repeated the cautionary instruction. Agent Lawrence was then permitted to recount the details of the information provided by the informant, including a statement that Rodriguez was the owner of the marijuana in question. This portion of Agent Lawrence's testimony was never again referred to in the course of the trial, either in the prosecutor's direct examination of other government witnesses, or in his closing argument to the jury.

In addition to the testimony of Agent Lawrence, the government called to the stand Espiro Burnias Campos, a former co-defendant who had already been convicted for his participation in the marijuana importing scheme but had not yet been sentenced.[1] Witness Campos testified to the details of the operation, implicating Rodriguez in numerous ways. Not only did he testify that he and Rodriguez were the owners of the marijuana, but he gave details of its purchase, importation, and eventual delivery to the appellant's vehicle where it was later seized.[2]

Finally, to bolster its charge of constructive possession by showing the appellant to be the registered owner of the car in which the marijuana was seized, the government introduced a xerox copy, made by Agent Lawrence, of a certificate of title listing Rodriguez as the owner of the vehicle. The court admitted the xerox copy over defense counsel's objection that it was hearsay and not properly authenticated.

Rodriguez contends that Agent Lawrence's testimony recounting the details of the informant's tip, including the statement that the appellant was the owner of the marijuana, was inadmissible hearsay. Arguing that the court's instruction to disregard the statements for the truth of their assertions was futile, the defendant reasons that the ad-

1. Campos had already pleaded guilty to the second count of the indictment; his arraignment on the first count had been deferred.

2. The appellant suggests that witness Campos's testimony was highly suspect, since Campos was then a convicted felon anxious to assist the government in the hopes of receiving a lighter sentence or dismissal of other charges still pending against him. The record reveals, however, that the jury was well aware of Campos's status and was therefore presumably able to evaluate his credibility accordingly.

mission of such highly prejudicial statements linking him to the seized marijuana was sufficiently damaging to warrant reversal.

In evaluating the appellant's contentions, we must first determine whether the evidence was hearsay. Although the trial judge conceded that the testimony was hearsay, he advised the jury, before its admission, not to consider it "for the truthfulness of it, except to show why [Agent Lawrence did what he did." Since hearsay is, *by definition*, testimony of out of court statements introduced for the *truth* of the facts asserted, the Government argues that this cautionary instruction was sufficient to purge the testimony of any taint of hearsay, much less prejudicial error.

Despite the court's cautionary instruction however, the nature of the testimony was such that even this pre-admission warning was probably insufficient to remove the statements from the realm of hearsay. No instruction, regardless of its specificity or timeliness, could have precluded the jury from considering the informant's statements as some evidence that the defendant was in fact the owner of the seized marijuana. The most impartial and responsible juror could not have avoided drawing an inference that the informant's statements, as recited by Agent Lawrence, had some probative value.[3]

A determination that the statement in question was hearsay not subject to any exception and therefore improperly admitted does not, however, necessitate a reversal of the conviction. As this Court recently stated in *United States v. Arenas-Granada*, 5 Cir. 1973, 487 F.2d 858, 859:

> To require a new trial, the prejudicial effect of improper matter, viewed in

the context of that particular trial, must not be overwhelmed by evidence of guilt. A significant possibility must exist that, considering the other evidence presented by both the prosecution and the defense, the . . . statement had a substantial impact upon the verdict of the jury. See *United States v. Kimbrell*, 470 F.2d 280 (5th Cir. 1972); *United States v. Ratner*, 464 F.2d 169 (5th Cir. 1972), and *Odom v. United States*, 377 F.2d 853 (5th Cir. 1967).

No such possibility exists in the instant case. The other evidence produced by the government strongly supported the verdict against the defendant. Not only did the testimony of witness Campos provide independent admissible evidence of the defendant's ownership of the marijuana, but it gave the details of the entire illegal operation, details later supported by the proof that the defendant was the registered owner of the vehicle in which the marijuana was found. Thus, although the admission of Agent Lawrence's testimony giving the specifics of the informant's tip constituted error, we find little possibility, in light of the other evidence, that the statement had a "substantial impact" on the verdict of the jury.[4]

■ The appellant's second point of error requires little discussion. He contends that the unauthenticated xerox copy of the vehicle certificate of title, made by Agent Lawrence from the original, was improperly admitted. This contention is without merit. Rule 1003 of the Federal Rules of Evidence permits the admission of a duplicate in lieu of the original document, unless "(1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the

---

3. See McCormick, Evidence 587 (2d ed. 1972).

4. Compare *McMillian v. United States*, 5 Cir. 1966, 363 F.2d 165 and *Landsdown v. United States*, 5 Cir. 1965, 348 F.2d 405. The court concluded on the facts of each case, that the erroneously admitted hearsay testimony had had a "substantial impact" on the verdict. It

is noteworthy that in both cases the statements in issue were admitted *before* the trial judge had had an opportunity to advise the jury against considering them for the truth of their hearsay assertions. Additionally, other errors were cited by the court for reversing the convictions

duplicate in lieu of the original.[5]" Neither qualification is met here. There was no charge that the copy or the original was inaccurate; in fact, Rodriguez never denied ownership of the vehicle.[6] Thus, this ground for error is meritless.

The concededly erroneous admission of the agent's hearsay testimony was not sufficiently prejudicial to warrant reversal. The admission of the xerox copy made by the agent from the official public record of the vehicle's certificate of title was not erroneous and furnishes no ground for disturbing the verdict. The judgment below is

Affirmed.

---

**5.** Although the Federal Rules were not in effect at the time of trial, Rule 1003 merely codifies existing laws. See *Myrick v. United States*, 5 Cir. 1964, 332 F.2d 279; *Johns v. United States*, 5 Cir. 1963, 323 F.2d 421.

**6.** There is still another basis for admitting the duplicate certificate. Vehicle registration is a matter of public record. Federal Rule of Evidence 1005 provides that: "[t]he contents of an official record . . . may be proved by copy, certified as correct in accordance with rule 902 [Self-Authentication] or testified to be correct by a witness who has compared it with the original." Agent Lawrence testified that the government's Exhibit 1 was a copy of the official vehicle registration certificate, made by him from the original. Although the prosecutor did not specifically inquire whether it was a "correct" copy, Agent Lawrence's failure to indicate otherwise must be taken as an indication that the copy was an accurate duplicate of the original. In the face of this substantial compliance with Rule 1005, the appellant has no legitimate grievance.