**Ronald Lee PARTON, Appellee,**

v.

**Donald WYRICK, Bill Armontrout and Lt. Gary Wyrick, Appellants.**

**Warrant Officer Strobietto and Warrant Officer St. John.**

**No. 84–1852.**

United States Court of Appeals, Eighth Circuit.

Submitted June 12, 1985.

Decided June 25, 1985.

Kelly Mescher, Asst. Atty. Gen., Jefferson City, Mo., for appellants.

Bradley H. Lockenvitz, Linn, Mo., for appellee.

Before HEANEY, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and BOWMAN, Circuit Judge.

HEANEY, Circuit Judge.

Donald Wyrick, Bill Armontrout and Gary Wyrick appeal from an adverse jury verdict in a civil rights suit brought under 42 U.S.C. § 1983 by Ronald Parton, alleging cruel and unusual punishment in violation of the eighth and fourteenth amendments to the United States Constitution. For reversal, the prison officials argue that the district court erred in excluding impeachment testimony of a government witness. After carefully reviewing the record, we affirm the judgment of the district court.

Ronald Parton, an inmate in the Missouri Penal System, was transferred to the Missouri State Penitentiary from the Missouri Training Center for Men (MTCM) because of his alleged role in a disturbance at MTCM. In this suit, Parton alleged (and the jury found) that, when he returned to the penitentiary, he was beaten by penitentiary officials. Medical records establish that Parton was hospitalized for four days as a result of his injuries; he was knocked

unconscious, suffered multiple hematomas, and complained of headaches and dizziness. The jury decided in Parton's favor and awarded $15,000 in actual damages and $75,000 in punitive damages against the three prison officials who appeal to this Court.

The prison officials argue that the district court erred in declining to admit the testimony of Donna Mueller. In an offer of proof, elicited in the jury's absence to determine the foundation for the evidence, Mueller testified that she overheard a conversation between Parton and his then-wife, in which Parton's wife allegedly said "she was afraid that they would find out that Ron was lying," to which Parton allegedly replied, " '[d]on't worry they aren't going to find out.' " (Tr. 445–46, Offer of Proof Re: Donna Mueller's testimony.) Although Mueller said she was within ten feet of the couple and recalled the approximate date and substance of the remarks we have set forth, she heard nothing else to link the conversation to this lawsuit. She agreed with the district court that she "really didn't know what the general conversation was about," and testified:

> To be honest with you, it was so long ago that *the only thing that still sticks in my mind* is her saying she was afraid they would find out that he was lying and him saying that, not to worry about it, that they wouldn't find out.

Tr. 447–48 (emphasis added).

Based on this colloquy, the district court concluded that the foundation was insufficient "to link it to this lawsuit, these claims, or any statement as made in this lawsuit."

The district court makes determinations of this sort under Fed.R.Evid. 104(b):

> When the relevancy of evidence depends upon the fulfillment of a condition of fact, the judge shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition.

We have previously decided that district court determinations under Rule 104 are subject to review under an abuse of discre-

tion standard. *United States v. Gerhart*, 538 F.2d 807, 810 (8th Cir.1976). We find no such abuse here.

Accordingly, we affirm the judgment of the district court.