12 F.3d 206
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Lee ALLEN, Defendant-Appellant.
 No. 92-5807.
 United States Court of Appeals,
Fourth Circuit.
 Argued: September 29, 1993.
Decided: November 17, 1993.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.
 Harold Johnson Bender, HAROLD J. BENDER LAW OFFICES, for Appellant.
 Kenneth Davis Bell, First Assistant United States Attorney, for Appellee.
 Jerry W. Miller, United States Attorney, for Appellee.
 W.D.N.C.
 AFFIRMED.
 Before WILKINSON, LUTTIG, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Charles Lee Allen was convicted of conspiracy to possess with intent to distribute more than fifty kilograms of marijuana in violation of 21 U.S.C. Secs. 841(a)(1) & 846 (1988), and was sentenced to 151 months imprisonment. On appeal, he alleges that the district court erred (1) by not declaring a mistrial after a codefendant revealed Allen's previous incarceration, and (2) by admitting a coconspirator's out-of-court statements before the government proved the existence of a conspiracy. Finding no error, we affirm.
 
 I.
 
 2
 In September 1990, Customs Agent Charles M. Tyson, working undercover, met with Allen and two other men, Laverne Fisher and "Cappy," to discuss a proposed marijuana smuggling operation. Tyson offered to supply an airplane, and in later meetings it was decided that a farm owned by codefendant Charlie Williams would be the drop sight for the smuggled marijuana. On the appointed day in January 1991, Tyson flew over the farm and dropped hay bales rather than marijuana. Appellant and others involved in the conspiracy were arrested at the drop sight.
 
 II.
 
 3
 During direct examination, the prosecution asked codefendant Charlie Williams what Allen had told him about an impending drug deal. Williams testified: "[Allen] was saying that he had a friend that he did time with and they -" (J.A. 236) (emphasis added). The district court sustained Allen's immediate objection to this remark and also instructed the jury to ignore it. Allen filed a motion for mistrial. Allen challenges the denial of his motion on the ground that inadmissible character evidence-specifically, the fact that he had "done time"-was put before the jury. We review the decision to grant or deny a motion for mistrial under an abuse of discretion standard. United States v. Thompson, 744 F.2d 1065, 1068 (4th Cir. 1984).
 
 
 4
 This is not a case where the Government improperly attempted to put the matter before the jury, United States v. Warf, 529 F.2d 1170, 1174 (5th Cir. 1976), or where repeated mention of the previous incarceration or other misconduct occurred. See United States v. Ratner, 464 F.2d 169, 171-72 (5th Cir. 1972). In fact, Allen's attorney admitted before the judge that the Government had warned the witness not to mention Allen's previous jail time. He said: "Mr. Bell [the Government's attorney] had agreed to instruct him[Williams] not to make any such comment. I'm satisfied in my own mind that Mr. Bell carried out his promise." (J.A. 288.)
 
 
 5
 The fact that Allen had previously served time in prison came up only incidentally; an immediate objection to the comment was sustained; a curative instruction to the jury was given; and there were no other references to Allen's previous incarceration. Under these circumstances, it cannot be said that a new trial is necessary. United States v. Vogt, 910 F.2d 1184, 1193 (4th Cir. 1990), cert. denied, 498 U.S. 1083 (1991). Accordingly, the district court did not abuse its discretion in denying a mistrial, and we decline to disturb Allen's conviction.
 
 III.
 
 6
 Allen also claims that the district court erred in admitting Agent Tyson's testimony recounting out-of-court statements made by Allen's coconspirators. Allen bases this claim on two contentions: (1) that the timing of the admission was error, and (2) that the evidence of the conspiracy was insufficient to support the admission. We find no merit in either contention.
 
 
 7
 The district court admitted Agent Tyson's testimony concerning conversations among the conspirators before the government had presented evidence of the existence of the conspiracy or of Allen's participation in it. The court admitted Tyson's statements pursuant to Federal Rule of Evidence 801(d)(2)(E), which provides:
 
 
 8
 A statement is not hearsay if ... [t]he statement is offered against a party and is ... a statement by a coconspirator of a party during the course and in furtherance of the conspiracy.
 
 
 9
 The district court's admission of evidence may be overturned on appeal only if it constituted an abuse of discretion. United States v. Blevins, 960 F.2d 1252, 1255 (4th Cir. 1992). To properly admit testimony under the coconspirator exception, a court must conclude (1) that there was a conspiracy involving the declarant and the party against whom admission of the evidence is sought and (2) that the statements at issue were made during the course and in furtherance of that conspiracy. Bourjaily v. United States, 483 U.S. 171, 175 (1987).
 
 
 10
 Neither party contests that the statements at issue were made in the course and in furtherance of the conspiracy. Rather, Allen argues that the Government was required to produce sufficient evidence of the conspiracy before admitting these out-of-court statements. We find no merit in his argument. It is well settled that a court may conditionally admit such statements subject to later satisfaction of the admissibility requirements. Blevins, 960 F.2d at 1256; United States v. Hines, 717 F.2d 1481, 1488 (4th Cir. 1983), cert. denied, 467 U.S. 1214, and cert. denied, 467 U.S. 1219 (1984).
 
 
 11
 Allen also contends that the cumulative evidence of the conspiracy was insufficient to support the admission of Agent Tyson's testimony. To satisfy the requirements of admissibility under Rule 801(d)(2)(E), the prosecution must, during the course of the trial, show the existence of a conspiracy by a preponderance of the evidence. Bourjaily, 483 U.S. at 175. The court may properly examine these out-of-court statements in conjunction with other evidence in determining whether the conspiracy existed. Blevins, 960 F.2d at 1255.
 
 
 12
 Among the other evidence presented was a codefendant's testimony that Allen recruited him into the drug scheme. (J.A. 237.) The prosecutor also presented phone records that corroborated the testimony of government agents concerning the conspiracy and Allen's involvement. (J.A. 23-26, 33-35, 70-71.) Eyewitnesses and participants testified concerning the air drop at which the coconspirators were arrested, and Allen's presence there. (J.A. 51-52, 175-176, 180-184, 204-206.) In this case, the evidence clearly established the existence of the conspiracy and Allen's participation in it, and thus conditional admission of Agent Tyson's hearsay testimony was not an abuse of discretion.
 
 IV.
 
 13
 We find no merit in Allen's allegations of error and therefore affirm the district court's evidentiary rulings, denial of a mistrial, and Allen's conviction.
 
 AFFIRMED