# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2356

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Western |
| Shanki N. Blackwell Walker, | * | District of Arkansas. |
| also known as Dorothy N. | * | |
| Blackwell Walker, | * | [Unpublished] |
| | * | |
| Appellant. | * | |

_____

Submitted: January 17, 2003

Filed: March 21, 2003

_____

Before MORRIS SHEPPARD ARNOLD, BRIGHT, and SMITH, Circuit Judges.

_____

PER CURIAM.

Shanki Walker appeals from her conviction for using the facilities of interstate commerce to solicit murder in violation of 18 U.S.C. § 1958. We affirm.

Ms. Walker first challenges testimony relating the contents of a lost letter that she wrote expressing a hatred of one of her intended victims. The trial court[1] found that a proper predicate for the admission of the testimony had been laid, *see* Fed. R. Evid. 1004(1), because the letter itself had been destroyed and the letter's proponent did not destroy it in bad faith. The record before the district court amply supported the admission of the testimony, and it is well settled that the contents of a lost writing may be proved by " 'any kind of secondary evidence ranging from photographs and handwritten copies to oral testimony of a witness.' " *United States v. Gerhart*, 538 F.2d 807, 809 & n.2 (8th Cir. 1976) (quoting 5 J. Weinstein, *Evidence* ¶ 1004[01], at 1004-4 to 1004-5 (1975) [quotation located at p. 1004-8 in 2003 edition]). The statements in the letter were of course themselves admissible as statements of a party opponent. *See* Fed. R. Evid. 801(d)(2).

Ms. Walker also asserts that the district court erred in admitting audio tapes of her conversations with a witness who testified that she had solicited him to kill two people. She maintains, *inter alia*, that there was no showing that the recording devices were capable of replicating the conversations offered into evidence or that the operator of the recorder was capable of operating it. *See United States v. McMillan*, 508 F.2d 101, 104 (8th Cir. 1974), *cert. denied*, 421 U.S. 916 (1975). Our examination of the record leads us to reject those objections. Ms. Walker complains, too, about the electronic enhancement to which the tapes were subjected, but an FBI expert testified that the enhancement in no way altered the substance of what the tape contained; it merely made its comprehension easier. The judge and jury were free to believe this testimony, and they evidently did.

We have considered Ms. Walker's other assignments of error and find them to be meritless.

---

[1]The Honorable Harry E. Barnes, United States District Judge for the Western District of Arkansas.

We therefore affirm the judgment of conviction.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.