**UNITED STATES of America, Plaintiff-Appellee,**

v.

**David John BUSARD and Charles David Meyer, Defendants-Appellants.**

**No. 74–3989.**

United States Court of Appeals, Fifth Circuit.

Dec. 5, 1975.

Rehearing and Rehearing En Banc Denied Feb. 19, 1976.

Before JONES, WISDOM and AINSWORTH, Circuit Judges.

PER CURIAM:

Busard and Meyer, defendants-appellants, were convicted of knowingly and willfully possessing with intent to distribute a controlled substance, cocaine, in violation of 21 U.S.C. § 841(a)(1).

 The contention on appeal that the indictment is duplicitous is without merit. The indictment, in pertinent part, reads as follows:

> Busard and Meyer, aided and abetted by each other, knowingly and intentionally did possess with intent to distribute a controlled substance . . . .

The indictment did not charge the defendants with "aiding and abetting"; this language is merely a specification of the manner in which the defendants were guilty of the substantive offense of unlawful possession. As such, the use of this language is permitted by F.R. Crim.P. 7(c)(1). *United States v. Bullock,* 5 Cir. 1971, 451 F.2d 884, 888; *United States v. Duke,* 4 Cir. 1969, 409 F.2d 669, 671. Moreover, an objection of this nature, which was not made before the trial, is waived. F.R.Crim.P. 12(b)(2); *United States v. Williams,* 5 Cir. 1953, 203 F.2d 572, 573, *cert. denied,* 346 U.S. 822, 74 S.Ct. 37, 98 L.Ed. 347.

 Busard contends that an agent's inadvertent revelation to the jury, showing that Busard had previously been arrested, prejudiced their right to a fair trial. The trial court instructed the jury to disregard the statement about Busard's arrest and polled the jury to ascertain whether any juror felt that he or she could not disregard it.[1] Moreover,

William D. Smith, Atlanta, Ga. (Court-appointed), for Busard.

Milton E. Grusmark, Miami Beach, Fla., for Meyer.

John W. Stokes, U. S. Atty., John Milton Turner, Jr., and Robert A. Boas, Asst. U. S. Attys., Atlanta, Ga., for plaintiff-appellee.

---

1. The Court gave the following instruction:
 The Court: Ladies and gentlemen, the statement of Mr. Banks, formerly special agent with the Drug Enforcement Administration, 

concerning the fingerprint record and other information furnished, allegedly, by the Federal Bureau of Investigation relating to the Defendant Dave John Busard has absolutely

there was such an abundance of inculpatory evidence that the harmless error rule applies, F.R.Crim.P. 52(a); *United States v. Ratner,* 5 Cir. 1972, 464 F.2d 169.

 Both appellants argue that the cocaine seized by narcotics agents was improperly introduced into evidence. The Court finds, however, that there was a rational basis by which the jury could have found that the cocaine was connected to the defendants. See *United States v. Montalvo,* 2 Cir. 1960, 271 F.2d 922. The evidence was properly admitted.

The Court has considered all the other issues the appellants raised; each lacks sufficient merit to be discussed.

The judgments are affirmed.

nothing to do with the Defendant Charles David Meyer, first of all. Secondly, ladies and gentlemen, with respect to the Defendant Mr. Busard, anything else to do with the case, I instruct you to disregard completely the testimony of Mr. Banks with respect to that F.B.I. identification record. If there is any juror who feels that he or she cannot completely remove that testimony from her or his mind and disregard it absolutely, completely, the same as if it had never been stated, if there is anybody whose total objectivity with regard to this particular aspect of the case would in any way be impaired, I want you to raise your hand right this minute. I take it from that, then, that the jury understands that they are to completely disregard Mr. Banks' testimony with regard to that identification record, and further, that it has absolutely nothing to do with the Government's case against Mr. Meyer. Does everyone understand that? Has anyone got any problem? Is there anyone who can't completely forget about it and disregard it absolutely? All right, Mr. Smith.