**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Thomas Edwin WILLIAMS, Defendant-Appellant.**

**No. 82–1078.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 16, 1982.

Decided Aug. 24, 1982.

Rehearing and Rehearing En Banc Denied Oct. 15, 1982.

A. Lee Petersen, Anchorage, Alaska, for defendant-appellant.

Sue Ellen Tatter, Asst. U. S. Atty., Anchorage, Alaska, for plaintiff-appellee.

Before PREGERSON, ALARCON and NELSON, Circuit Judges.

PREGERSON, Circuit Judge:

Williams appeals his conviction on seven counts of making false statements in the acquisition of firearms in violation of 18 U.S.C. § 922(a)(6). He argues that certain of the seven counts should be dismissed because there were less than seven offenses. Williams also argues that the district court erred in not instructing the jury that it must find that he knowingly violated the law before it could convict and in instructing the jury that reckless conduct may constitute knowing conduct. He challenges several evidentiary rulings and the denial of his motions for acquittal and a new trial.

Williams bought seven guns on five separate occasions. He filled out an ATF Form 4473 for each gun. In Section 8(b) of this form, Williams answered "no" to the ques-

tion: "[H]ave you been convicted in any court of a crime punishable by imprisonment for a term exceeding one year?" Williams had been convicted and sentenced to a term exceeding one year.

Williams testified that he did not read the form. He stated that his parole officer had told him that in five years he could own a gun and that to acquire a gun he would have to answer "no" to all the questions on the form. He claims that because he did not read the question, he did not knowingly make a false statement.

Williams' motion for acquittal was denied. The jury returned a verdict of guilty on all counts and judgment was entered accordingly. Williams' motion for a new trial was denied.

■ The district court did not err in refusing to dismiss any counts. Successive acts, no matter how close in time, constitute separate offenses. *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). When a false statement is made in the acquisition of each of two weapons bought at one time, there are two offenses. *United States v. Long*, 524 F.2d 660 (9th Cir. 1975). Williams made a false statement in connection with each gun and was, therefore, correctly indicted on seven counts.

■ Williams argues that the court erred in not instructing the jury that it had to find specific intent to violate the law before it could convict. He contends that knowledge of the law is therefore required. Williams' contention fails. The government need only show that Williams made a statement he knew to be false not that he knew he was violating the law. *United States v. Cochran*, 546 F.2d 27 (5th Cir. 1977); *United States v. Beebe*, 467 F.2d 222 (10th Cir. 1972), *cert. denied*, 416 U.S. 904, 94 S.Ct. 1607, 40 L.Ed.2d 108 (1974). *See also United States v. Freed*, 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971).

■ Williams contends that the court also erred in instructing the jury that:

The defendant also acts "knowingly" if he acts with reckless disregard for truth-fulness. "Recklessly" means wantonly, with indifference to consequences. If a person makes a representation without knowing whether it is true or not, or makes it without regard to its truth or falsity or to its possible consequences, he may be found to have made the representation recklessly.

This instruction, given by the court and not objected to by Williams, was erroneous because it equated reckless conduct with knowing conduct. Although conscious avoidance of the truth may constitute knowing conduct, reckless conduct alone is not sufficient. *United States v. Jewell*, 532 F.2d 697 (9th Cir.), *cert. denied*, 426 U.S. 951, 91 S.Ct. 3173, 49 L.Ed.2d 1188 (1976).

■ Williams did not object to this instruction as required by F.R.Crim.P. 30. Therefore, we will only reverse if it was plain error to give the instruction. F.R. Crim.P. 52. Plain error exists only if it is highly probable that the error materially affected the verdict. *United States v. Segna*, 555 F.2d 226, 231 (9th Cir. 1977). It is highly improbable that the jury found Williams guilty based on reckless conduct. His story that he did not read the form because his parole officer told him to answer "no" to all the questions on the form is not credible. The form did not exist at the time of Williams' purported discussions with his parole officer. Because his story of reckless conduct is not believable, it is highly improbable that the instruction on reckless conduct affected the verdict. In the circumstances presented, giving this instruction was not plain error.

This conclusion is further supported by the fact that in a separate instruction on the subject of guilty knowledge, the court, at the request of the defendant, did correctly instruct the jury that:

The element of knowledge may be satisfied by inferences drawn from proof that a defendant deliberately closed his eyes to what would otherwise have been obvious to him. A finding beyond reasonable doubt of a conscious purpose to avoid enlightenment would permit an inference of knowledge. Stated another

way, a defendant's knowledge of a fact may be inferred from willful blindness to the existence of the fact.

It is entirely up to you as to whether you find any deliberate closing of the eyes, and the inferences to be drawn from any such evidence. A showing of negligence or mistake is not sufficient to support a finding of willfulness or knowledge.

Devitt & Blackmar, *Federal Jury Practice and Instructions,* § 14.09 (1977).

Williams' other contentions regarding jury instructions and evidentiary rulings have no merit.

■ Williams' motion for an acquittal was properly denied because there was sufficient evidence at the close of the government's case for jurors to conclude beyond a reasonable doubt that Williams was guilty. Further, the district court did not abuse its discretion in denying the motion for a new trial.

AFFIRMED.