**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Ernest M. SOLOMON,**
**Defendant-Appellant.**

**No. 81–5691.**

United States Court of Appeals,
Eleventh Circuit.

March 5, 1984.

Entin, Schwartz, Angert, Dion & Broudy, Ron Dion, Spencer Drew Levine, North Miami, Fla., for defendant-appellant.

Sonia Escobio O'Donnell, Asst. U.S. Atty., Miami, Fla., for plaintiff-appellee.

Before HENDERSON and CLARK, Circuit Judges, and JONES, Senior Circuit Judge.

JONES, Senior Circuit Judge:

The appellant, Ernest Solomon, was the president of a corporation which held a federal license to sell firearms. At his direction an employee signed, as transferee, one hundred blank firearm transfer forms. One of the forms, signed on July 1, 1978, purported to cover sale of a M–1 carbine bearing serial number 366728. A second form, dated July 5, 1978, purported to cover the sale of another M–1 carbine bearing serial number 356561. The appellant signed both forms as transferor on July 5, 1978, and made entries in the store's permanent firearms transfer record or "bound book" on the same date. One count of the indictment charged that the appellant:

> On or about July 1, and July 5, 1978, . . . did unlawfully and knowingly make false entries as to a material fact in each ATF [alcohol, tobacco, and firearm] form 4473 Firearms Transaction Records and the Federal Firearms "Bound Book" . . . . [in that] he did enter the name of . . . . [an employee] as the transferee (buyer/purchaser) of firearms . . . knowing full well that said . . . . [employee] was not the transferee . . . In violation of Title 18 United States Code Sections 2, 922(m), ·923 and 924 and Title 27 C.F.R. 178.124 and 178.125.

The appellant pled guilty to making false entries on two ATF forms, in the "bound book", and in entering the name of

an employee as transferee.[1] The district court imposed two five year consecutive sentences and a ten thousand dollar fine. The second five year sentence was later reduced to two years. The appellant filed a motion to correct or reduce the sentence, pursuant to Rule 35, F.R.Crim.P., asserting that the consecutive sentences were illegal because he had been convicted of making false entries simultaneously. From this, appellant argued that he could be convicted and sentenced only for a single offense. The district court denied the motion and noted that "examination of the exhibits [copies of the two ATF forms] indicates that purchases of the firearms occurred on two different days in July, 1978." The appellant challenges this ruling.[2]

■ The primary claim of the appellant relates to the propriety of trial court's im-position of two consecutive sentences was error for the reason that appellant committed only one crime although he provided false information on two separate forms on separate dates of the sale of two firearms. It has been held that simultaneous possession of multiple weapons constituted only one offense.[3] This court is urged to follow those decisions which hold that Congress never declared an intention to punish indistinguishable multiple firearms violations.

This case is different. The appellant, a licensed firearms dealer, provided false information on two separate ATF forms, on two separate days, for the sale of two firearms. Separate instances of providing false information, separate receipt, or separate storage of multiple weapons establishes separate offenses under federal firearm statutes.[4]

---

1. The appellant entered a guilty plea to count one which alleged falsification of the transfer records of carbine # 356561, and count two, which alleged falsification of the transfer records of carbine # 366728, in exchange for the government's agreement to dismiss the other charges. The appellant was charged with causing his employee to make the entries and was liable for her acts under the provisions of 18 U.S.C. § 2 and is responsible for her acts as if he had committed them. *Nye & Nissen v. United States,* 336 U.S. 613, 69 S.Ct. 766, 93 L.Ed. 919 (1949). See also, *United States v. Cowart,* 595 F.2d 1023 (5th Cir.1979).

2. The appellant contends that counts one and two of the indictment are multiplicious and in violation of the fifth amendment double jeopardy clause. Rule 12(b)(2), Fed.R.Crim.P., requires that a complaint that the multiplicity of an indictment, and its inherent double jeopardy problems, be raised before trial. Appellant's failure to object to the multiplicity of the indictment before trial acts as a waiver of the multiplicity objection where the defendant had time to object but chose not to challenge the indictment and pled guilty in return for an agreed sentence. *U.S. v. Busard,* 524 F.2d 72 (5th Cir.1975), cert. den., 426 U.S. 948, 96 S.Ct. 3168, 49 L.Ed.2d 1185 (1982), *U.S. v. Herzog,* 644 F.2d 713 (8th Cir.1981), cert. den., 451 U.S. 1018, 101 S.Ct. 3008, 69 L.Ed.2d 390 (1981).

3. See *United States v. Valentine,* 706 F.2d 282 (10th Cir.1983) (under 18 U.S.C.App. § 1202 interstate transportation of firearms by a convicted felon and 18 U.S.C. § 922, registration, simultaneous possession of more than one weapon is but one offense); *United States v. Marino,* 682 F.2d 449 (3rd Cir.1982) (simulta-neous possession of several firearms by convicted felon constitutes a single offense under § 1202(a) and 922(b) absent a showing that weapons were acquired or stored separately); *United States v. Hodges,* 628 F.2d 350 (5th Cir.1980) (possession of multiple firearms under sections 1202(a) and 922(b) is one offense, entailing single sentence); *Brown v. United States,* 623 F.2d 54 (9th Cir.1980) (two false statements on a single document constitutes one offense under 18 U.S.C. § 922(a)(6); *United States v. Mason,* 611 F.2d 49 (4th Cir.1979) (simultaneous receipt of more than one firearm constituted one offense under 18 U.S.C. §§ 922(a)(6) and 922(h)(1)); *United States v. Calhoun,* 510 F.2d 861 (7th Cir.1975) (absent a showing that two firearms were stored or acquired at different times or places there is only one offense, not two under 18 U.S.C. § 922(a)(6)); *United States v. Carty,* 447 F.2d 964 (5th Cir.1971) (possession of multiple firearms in interstate transportation by felon constitutes but one offense under 18 U.S.C. § 922(i)).

4. *United States v. Goodheim,* 686 F.2d 776 (9th Cir.1982) (consecutive sentences could be imposed on defendant convicted of receipt of firearms by a convicted felon and making false statements when acquiring a firearm under 18 U.S.C. § 922(a)(6), (h)(1)); *United States v. Oliver,* 683 F.2d 224 (7th Cir.1982) (where a convicted felon was charged with possession of a revolver and an automatic handgun which were not acquired at the same time, defendant was properly charged with two offenses under 18 U.S.C.App. § 1202(a)); *United States v. Williams,* 685 F.2d 319 (9th Cir.1982) (false state-

This is not a case where the defendant was sentenced for two separate offenses when he made two distinct false statements on a single form in purchasing a single firearm. See, *Brown v. United States,* 623 F.2d 54 (9th Cir.1980). This is not a case where the defendant was convicted and sentenced for interstate transportation of firearms by a convicted felon, as well as, possession of firearms by a convicted felon. See, *United States v. Frankenberry,* 696 F.2d 239 (3rd Cir.1982), cert. den., —— U.S. ——, 103 S.Ct. 3544, 77 L.Ed.2d 1392 (1983). Here, the appellant, a licensed firearms dealer, avoided review of his firearm sales records by conducting a closed sale in which he transferred fifteen carbines to his employee using fifteen ATF forms. Although such a transfer was possible with one ATF form, the appellant directed that false statements be made on fifteen ATF forms. Cf., *United States v. Mason,* 611 F.2d 49 (4th Cir.1979).

If the appellant had provided false information on separate ATF forms at the same time and place, separate prosecution would be permitted. Successive acts, no matter how close in time, constitute separate offenses. *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *Albernaz v. United States,* 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981). When false statements were twice but separately made on two ATF forms in the acquisition of two weapons bought at one time, there were two offenses. *United States v. Williams,* 685 F.2d 319 (9th Cir.1982). In *United States v. Long,* 524 F.2d 660, 662 (9th Cir.1975), the Ninth Circuit Court of Appeals in upholding two counts of supplying false information in the acquisition of two firearms, noted that the unit of prosecution proscribed by Congress was the giving of false information. Since the appellant directed that false information be provided on

two occasions on two ATF forms in connection with the sale of two guns, two separate violations of the law occurred and each was a proper unit of prosecution.

Here the court correctly decided that the entries were not simultaneous and could be the subject of separate prosecutions resulting in consecutive sentences.

The district court's order denying appellant's Rule 35 motion is

AFFIRMED.

ments made in acquisition of each of two weapons bought at one time entails two offenses under 18 U.S.C. § 922(a)(6).); *United States v. Bullock,* 615 F.2d 1082 (5th Cir.1980) (separate receipt and possession of firearms constituted separate offenses); *United States v. Killebrew,* 560 F.2d 729 (5th Cir.1977) (separate convictions were proper where the defendant received

two firearms at different times but possessed them simultaneously under 18 U.S.C.A.App. § 1202(a)(1)); *United States v. Long,* 524 F.2d 660 (9th Cir.1975) (the defendant was properly sentenced for two offenses when he made false statements even though he purchased two guns from the same person at the same time, 18 U.S.C.A. §§ 922(a)(6), 924(a)).