**UNITED STATES of America**

**. v.**

**John C. MARTORANA.**

**Crim. No. 85–00042 P.**

United States District Court,
D. Maine.

Feb. 26, 1986.

F. Mark Terison, Asst. U.S. Atty., Portland, Me., for the U.S.

Gerard C. Conley, Cloutier, Barrett, Cloutier & Conley, Portland, Me., for defendant.

## MEMORANDUM AND ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS COUNTS II, III AND IV OF THE INDICTMENT

GENE CARTER, District Judge.

The Court has before it the Defendant's Motion to Dismiss Counts II, III and IV of the Indictment,[1] on the grounds that Counts II and IV are duplicitous and Counts III and IV do not include the requisite showing of interstate commerce.

■ In regard to Count II, the Court notes the decisions of the Ninth and Eleventh Circuits holding that multiple counts under 18 U.S.C. § 922(a), (h) for the provision of false information on more than one ATF Form 4473 in connection with the simultaneous acquisition of firearms are proper because the gravamen of the offense is the giving of false information, not the possession of firearms. *United States v. Solomon*, 726 F.2d 677 (11th Cir.1982); *United States v. Williams*, 685 F.2d 319 (9th Cir.1982); *United States v. Long*, 524 F.2d 660 (9th Cir.1975). The First Circuit Court of Appeals has not yet addressed this issue.

However, this Court is persuaded by the reasoning of the Fourth Circuit in *United States v. Mason*, 611 F.2d 49 (4th Cir.1979), which reaches a contrary conclusion. The *Mason* Court found that the regulations promulgated by the Bureau of Alcohol, Tobacco & Firearms at 27 C.F.R. § 178.124(a) give discretion to the licensed dealer as to whether one or more ATF Form 4473's are used to record a transaction involving more than one firearm.[2] The *Mason* Court held, and this Court agrees, that "[t]he fortuity of a particular gun dealer's practice should not control the application of a federal criminal statute." 611 F.2d at 53.

---

1. Counts I and II charge that the Defendant, on or about March 28, 1985, falsely stated on two ATF Forms that he had not been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(a)(6). Counts III and IV charge that the Defendant, in the same March 28, 1985 transaction, received a Browning .380 caliber pistol and a Beretta .22 short caliber pistol, respectively,

which had been shipped in interstate commerce, in violation of 18 U.S.C. § 922(h)(1).

2. These regulations have not been substantively amended since *Mason* was decided, and the forms the Defendant signed in this case contain the identical language identified by the *Mason* Court as granting discretion to the individual dealer.

 In regard to the Defendant's charge that Counts III and IV are duplicitous, the United States has conceded that even if the Defendant were found guilty on both counts, the Court could enter judgment against him *only* on one count. *United States v. Pelusio*, 725 F.2d 161, 168–69, n. 3 (2d Cir.1983). *See also United States v. Valentine*, 706 F.2d 282, 293, n. 10 (10th Cir.1983). However, the Government urges this Court to allow both counts to proceed to trial, and then, in the event that the jury finds the Defendant guilty on both counts, to enter judgment on only one. The Government cites *Ball v. United States*, — U.S. ——, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985), and *United States v. Mastrangelo*, 733 F.2d 793 (1984), in support of its position.

*Ball*, however, involves prosecutions under overlapping statutes, namely 18 U.S.C. § 922(h)(1) and 18 U.S.C.App. § 1202(a)(1), and *Mastrangelo* involves prosecutions for two types of conduct. Both cases are distinguishable from this case which involves multiple charges under a single statute arising out of a single instance of conduct. This Court can perceive no reason why, on the facts of this case, the Government should be allowed, even if the rationale of *Ball* and *Mastrangelo* were applicable, to put Defendant in jeopardy by trial of any counts on which the Government cannot possibly obtain a judgment of conviction and secure the imposition of sentence. It is more fair to the Government to permit it to make its own pretrial election as to the charge to be pursued at trial than for the Court to dismiss a count of its own selection. Such a procedure adequately protects the Defendant from any unfair prejudice that may result from disclosure to the jury of multiple charges.

Therefore, the United States must elect between prosecution of the Defendant under Count I and prosecution under Count II, and must also elect between prosecution under Count III and under Count IV of the Indictment.

 In regard to the Defendant's argument that Counts III and IV should be dismissed because the interstate commerce requirement has not been met, *Scarborough v. United States*, 431 U.S. 563, 97 S.Ct. 1963, 52 L.Ed.2d 582 (1977), is dispositive in establishing that the allegations of the United States are sufficient regarding the existence of interstate commerce in the transaction in question.

Accordingly, Defendant's Motion to Dismiss is GRANTED as to Counts II and IV of the Indictment to the extent that the United States must elect, prior to trial, on which of Counts I and II Defendant shall be prosecuted, and make a similar election between Counts III and IV. On the making of such election, this Court will dismiss the two counts on which the Government elects not to proceed. In all other respects, Defendant's Motion to Dismiss is DENIED.

So ORDERED.