963 F.2d 381
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Albert YARBROW, Defendant-Appellant.
 No. 90-30056.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 4, 1992.
Decided May 19, 1992.
 
 1
 Before WALLACE, Chief Judge, and GOODWIN, Circuit Judge, and CROCKER,* District Judge.
 
 MEMORANDUM
 
 2
 Yarbrow appeals his conviction for conspiracy and other offenses. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 3
 Yarbrow contends that the district court erred by determining that there was sufficient evidence to support the conspiracy verdict. When reviewing the sufficiency of the evidence against Yarbrow, we must determine whether "viewing the evidence in the light most favorable to the prosecution and respecting the jury's ability to judge the credibility of the witnesses, resolve factual conflicts, and draw inferences, a rational jury could have found the elements of the crime beyond a reasonable doubt." United States v. Castro, 887 F.2d 988, 994 (9th Cir.1989) (Castro ) (internal quotations omitted).
 
 
 4
 "To establish a conspiracy to defraud the United States, the prosecution must prove the existence of an agreement to accomplish an illegal objective, an overt act in furtherance of the objectives of the conspiracy, and intent on part of the conspirators to agree, as well as to defraud the United States." United States v. Crooks, 804 F.2d 1441, 1448 (9th Cir.1986), modified on other grounds, 826 F.2d 4 (9th Cir.1987). The government "need not show that the agreement was explicit; it may be inferred from the facts and circumstances of the case." Castro, 887 F.2d at 994. Once the evidence establishes the existence of a conspiracy, there must be evidence that Yarbrow "had at least a slight connection with the conspiracy and that he knew he was connected." United States v. Miranda-Uriarte, 649 F.2d 1345, 1352 (9th Cir.1981) (Miranda-Uriarte ).
 
 
 5
 There is sufficient evidence in this case of an agreement to defraud an agency of the United States and to commit offenses such as making a false entry. There is also ample evidence that Yarbrow knowingly joined the conspiracy and could reasonably foresee its criminal objectives. Additionally, the evidence supports the conclusion that there were overt acts in furtherance of the conspiracy and that Yarbrow had the requisite intent.
 
 
 6
 Yarbrow also contends that there was insufficient evidence to support the wire fraud convictions. There was ample evidence that Yarbrow and/or his co-conspirators acted with the requisite intent and used or caused to be used the wires in furtherance of their scheme. See United States v. Bonanno, 852 F.2d 434, 440 (9th Cir.1988) (Bonanno ), cert. denied, 488 U.S. 1016 (1989). It is not necessary that there be evidence that Yarbrow personally committed each violation of the wire fraud statute. Miranda-Uriarte, 649 F.2d at 1353. There was sufficient evidence for the jury to conclude that Yarbrow's co-conspirators violated the wire fraud statute pursuant to and in furtherance of the conspiracy and that Yarbrow could foresee that the statute would be violated. Id.
 
 
 7
 Yarbrow also contends that there was insufficient evidence to support his conviction for aiding and abetting Waters in the making of a false entry. See 18 U.S.C. § 1006. However, there was sufficient evidence for the jury to conclude that Yarbrow knowingly and willfully executed a letter that contained false statements with the intent to help Waters deceive officers of State Federal Savings and Loan Association and the federal government. See United States v. Smith, 891 F.2d 703, 709 (9th Cir.1989) (Smith ), amended, 906 F.2d 385 (9th Cir.), cert. denied, 111 S.Ct. 47 (1990).
 
 
 8
 The district court gave the jury a clear general unanimity instruction. Yarbrow argues that the district court erred by not also giving a unanimity instruction on the conspiracy and wire fraud counts. Yarbrow neither asked for such an instruction nor objected to the district court's failure to give a more specific unanimity instruction. Therefore, reversal is warranted only if there is plain error. United States v. Bryan, 868 F.2d 1032, 1038-39 (9th Cir.) (Bryan ), cert. denied, 493 U.S. 858 (1989).
 
 
 9
 Yarbrow contends that the district court should have given an unanimity instruction sua sponte because the indictment charged Yarbrow with committing two distinct conspiracies. The indictment charged Yarbrow with violating 18 U.S.C. § 371 by participating in a conspiracy to defraud the United States and violate several statutes. Defrauding the United States and committing an offense against the United States are merely the objects of the conspiracy not separate conspiracies. See Smith, 891 F.2d at 712-13. Additionally, the facts alleged in the indictment and presented at trial support the conclusion that there was one overall conspiracy. In this case, the transactions were interrelated and designed to bring about the overall goals of the conspiracy. The major participants remained the same during the conspiracy. See United States v. Brown, 912 F.2d 1040, 1043-44 (9th Cir.1990). Under these circumstances, the district court did not commit plain error.
 
 
 10
 Yarbrow further contends that a specific unanimity instruction and/or special interrogatories were required because the conspiracy had multiple objects and there were multiple fraudulent acts. A specific unanimity instruction may be necessary "where it appears that a conviction might rest upon different jurors having found the existence of different facts ... where the complex nature of the evidence, a discrepancy between the evidence and the indictment, or some other particular factor creates a genuine possibility of juror confusion." Castro, 887 F.2d at 993 (internal quotations omitted). The trial in this case was relatively short, and the evidence was not complex. There was no indication that the jury was confused. The cases cited by Yarbrow are distinguishable. See, e.g., United States v. Echeverry, 698 F.2d 375, 376 (9th Cir.), modified, 719 F.2d 974, 975 (9th Cir.1983). Therefore, under the facts of this case, there was no plain error.
 
 
 11
 Yarbrow also contends that the district court was required to give a specific unanimity instruction on the wire fraud counts. Yarbrow argues that there are two ways to violate the wire fraud statute and the indictment alleges that he devised "a scheme and artifice to defraud State Federal, the FHLB, and the FSLIC, and for obtaining money and property by means of false and fraudulent pretenses, representations and promises...." (Emphasis added.) However, when a statute specifies two or more ways in which an offense may be committed, they may be alleged in the conjunctive and proof of any one is sufficient. See Bonanno, 852 F.2d at 440-41. In addition, although the indictment refers to several fraudulent acts, the indictment only alleges one overall scheme. See Bryan, 868 F.2d at 1037-38. There was no indication of jury confusion. There was no plain error. See id. at 1038-39.
 
 
 12
 Yarbrow argues that the district court erred by failing to instruct the jury on the elements of several object offenses. This issue is reviewed for plain error because Yarbrow failed to object to the district court's instructions. United States v. Williams, 685 F.2d 319, 321 (9th Cir.1982).
 
 
 13
 Yarbrow argues that the jury may have determined that undefined offenses were the objects of the conspiracy. Yarbrow further argues that the jury then concluded that he was guilty of the substantive offenses merely because these substantive offenses were committed by co-conspirators.
 
 
 14
 Plain error, however, "exists only if it is highly probable that the error materially affected the verdict." Id. Yarbrow does not clearly and expressly challenge the jury's instructions on the elements of making a false entry or defrauding the United States. Moreover, there was overwhelming evidence to support the conclusion that the co-conspirators agreed to defraud the United States and make a false entry. It is highly unlikely that the jury ignored this evidence and chose instead to base its conspiracy finding on crimes that were not adequately defined in the jury's instructions. Yarbrow has not demonstrated a high probability that the lack of the instruction materially affected the verdict. Therefore, under these circumstances, there is no plain error.
 
 
 15
 AFFIRMED.
 
 
 
 *
 Honorable M.D. Crocker, United States District Judge, Eastern District of California, sitting by designation