Anthony K. **HART**, Plaintiff—Appellant,

v.

Gregory **GAIONE**, Defendant—Appellee.

No. 06–55112.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 8, 2007.*

Filed Nov. 20, 2007.

---

**4**

Stephen Yagman, Esq., Yagman & Yagman & Reichmann, Venice Beach, CA, for Plaintiff–Appellant.

USLA–Office of the U.S. Attorney Civil & Tax Divisions, Los Angeles, CA, for Defendant–Appellee.

Appeal from the United States District Court for the Central District of California, Robert M. Takasugi, District Judge, Presiding. D.C. No. CV–02–01331–RMT.

Before: B. FLETCHER, REINHARDT, and RYMER, Circuit Judges.

MEMORANDUM **

Plaintiff–Appellant Anthony Hart appeals the district court order granting Defendant–Appellee Gregory Gaioni's [1] motion for summary judgment on the basis of qualified immunity.[2] We review the grant of summary judgment de novo, *Munger v. City of Glasgow Police Dept.*, 227 F.3d 1082, 1085 (9th Cir.2000), and we affirm.

Hart was indicted for violation of 18 U.S.C. § 922(a)(6), which makes it unlawful to knowingly making a false statement when attempting to purchase a firearm. After he was acquitted, Hart brought this *Bivens*[3] action against ATF Special Agent Gaioni for malicious prosecution and unlawful arrest in violation of the Fifth Amendment. Specifically, Hart argues that Gaioni did not have probable cause to conclude that Hart knowingly made a false statement on ATF Form 4473 when he denied having been convicted of a misdemeanor crime of domestic violence.

Gaioni is entitled to qualified immunity if a reasonable officer in the same circumstances would have thought probable cause existed. *See Saucier v. Katz*, 533 U.S. 194, 202, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). Probable cause exists when "the facts and circumstances within [the officer's] knowledge and of which [he] had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [appellant] had committed ... an offense." *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); *see also Illinois v. Gates*, 462 U.S. 213, 235, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) (reaffirming that the evidence need support only a probability of criminal activity). "The mere fact a prosecution was unsuccessful does not mean it was not supported by probable cause." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir.1995).

The undisputed facts establish that it was reasonable for Gaioni to think that there was some probability that Hart knew that he had made a false statement. Before filing his recommendation for prosecution, Gaioni obtained Hart's record of conviction, which was clearly for domestic violence as defined on the ATF form and

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Defendant-appellee's name is spelled incorrectly in the caption. The correct spelling is Gaioni.

2. We have jurisdiction pursuant to 28 U.S.C. § 1291.

3. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

which indicated that Hart had been ordered to "complete 12 sessions of domestic violence counseling" as one of the terms of his probation. On these facts, it was reasonable for Gaioni to believe that Hart would remember the 10–year–old conviction. Hart's statement to Gaioni in an interview that he believed that he was not prohibited from owning a firearm based on a prior interaction with state police does not undermine this conclusion because the relevant inquiry is whether Hart knew the statement was false, not whether he knew that he was prohibited from owning a firearm. *United States v. Williams,* 685 F.2d 319, 321 (9th Cir.1982).

Hart's other arguments are without merit. The law of the case doctrine does not apply when a district court denies an earlier motion for summary judgment based on an undeveloped record. *See Federal Ins. Co. v. Scarsella Bros., Inc.,* 931 F.2d 599, 601 n. 4 (9th Cir.1991). Similarly, Local Rule 7–18 is wholly inapplicable because it regulates litigants' activities, not the district court's.

**AFFIRMED.**